**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| HUTCHESON MEDICAL CENTER, INC., et al.,[1] | ) ) | Jointly Administered Under CASE NO. 14-42863-pwb |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| RONALD L. GLASS AS CHAPTER 11 TRUSTEE, | ) ) | |
| | ) | |
| Plaintiff, | ) | ADVERSARY PROCEEDING |
| | ) | NO. _____ |
| | ) | |
| EMCARE, INC., EMCARE PHYSICIAN PROVIDERS, INC., and EMCARE PHYSICIAN SERVICES, INC. | ) ) ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

RONALD L. GLASS AS CHAPTER 11 TRUSTEE ("Trustee") files this Complaint against Defendants Emcare, Inc., Emcare Physicians Providers Inc, and Emcare Physician Services, Inc. and shows this Honorable Court the following:

1.

Ronald L. Glass is the duly appointed and qualified Trustee of the above-styled bankruptcy case.

---

[1] Hutcheson Medical Center, Inc. filed Case No. 14-42863, and Hutcheson Medical Division, Inc. filed Case No. 14-42864, on November 20, 2014. On November 25, 2014, the court entered an order jointly administering the two cases under the lead case, Hutcheson Medical Center, Case No. 14-42863

2.

Emcare, Inc. ("Defendant 1") is subject to the jurisdiction and venue of this may be served pursuant to Fed. R. Bankr. P. 7004.

3.

Emcare Physicians Providers Inc, ("Defendant 2") is subject to the jurisdiction and venue of this may be served pursuant to Fed. R. Bankr. P. 7004.

4.

Emcare Physician Services, Inc. ("Defendant 3") is subject to the jurisdiction and venue of this may be served pursuant to Fed. R. Bankr. P. 7004.

5.

This Adversary Proceeding arises out of and relates to the jointly administered Chapter 11 Bankruptcy Cases of Hutcheson Medical Center, Inc., Case No. 14-42863-pwb and Hutcheson Medical Division, Inc. Case No. 14-42864-pwb, on the docket of this Court.

6.

This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §157 and §1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Court may, therefore, issue appropriate orders or judgments in this core proceeding.

7.

Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409. This Court may issue the relief sought pursuant to 11 U.S.C. §§ 547, 549, 550 and 551 and other applicable statutes and laws.

8.

On November 20, 2014 (the "Petition Date"), Hutcheson Medical Center, Inc. ("Debtor") filed its voluntary bankruptcy petition under Chapter 11 of the United States Bankruptcy Code (11 U.S.C. §§ 101, *et seq.*).

9.

The Trustee was appointed as Chapter 11 Trustee on September 21, 2015.

10.

During the ninety days preceding the filing of the debtor's bankruptcy petition, the Debtor transferred to the Defendant 1, and/or Defendant 2, and/or Defendant 3 at least the total sum of $25,000.00 (said transfer(s) hereinafter referred to as the "Transfers") as more specifically set forth on Exhibit "A" which is attached hereto and incorporated herein by reference. The Transfers were made via check, wire, and/or automatic debit from one or more of the Debtor's business bank accounts.  To the extent the Trustee discovers the existence of additional transfers to Defendant 1, and/or Defendant 2, and/or Defendant 3 within the ninety (90) days prior to the Petition Date, the Trustee intends to recover all such transfers, and this complaint is not limited to those transfers disclosed as part of the defined term.

11.

The Transfers were funds from one of the Debtor's business bank accounts and were transfers of interests in property of the Debtor.

12.

The Transfers were made to or for the benefit of a creditor, Defendant 1, and/or Defendant 2, and/or Defendant 3, on account of amounts owed for goods and/or services provided to the Debtor prior to the Transfers.

13.

The Transfers were for or on account of an antecedent debt owed by the Debtor to Defendant 1, and/or Defendant 2, and/or Defendant 3 before the Transfers were made.

14.

Pursuant to 11 U.S.C. §547(f) the Debtor is presumed to be insolvent within the 90 days prior to the Petition Date and the Transfers were made while the Debtor was insolvent.

15.

The Transfers were made within ninety (90) days before the date of the filing of Debtor's bankruptcy petition.

16.

The Transfers enabled the creditor, Defendant 1, and/or Defendant 2, and/or Defendant 3, to receive more than such creditor would receive under Chapter 7 of title 11 of the Bankruptcy Code (11 U.S.C. §§ 101, *et seq.*) if the Transfers had not been made and such creditor received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

17.

Pursuant to 11 U.S.C. § 547, the Transfers are avoidable by the Trustee and should be preserved for the Estate pursuant to 11 U.S.C. § 551.

18.

Pursuant to a letter dated October 17, 2016 the Trustee made demand upon Defendant 1 for turnover of $25,000.00. A true and correct copy of said letter is attached hereto as Exhibit "B."

19.

To date, the Defendant 1 has failed to remit any funds to the Trustee.

20.

To the extent that any of the Transfers were completed after the Petition Date, those Transfers were not authorized by an order of the Bankruptcy Court, and were not authorized by the Bankruptcy Code. Therefore, those Transfers are avoidable by the Trustee, pursuant to 11 U.S.C. § 549 and should be preserved for the Estate pursuant to 11 U.S.C. § 551.

21.

Pursuant to the provisions of 11 U.S.C. §§ 547, 549 and 550, Defendant 1, and/or Defendant 2, and/or Defendant 3 is/are liable to the Trustee for the value of the Transfers in the sum of $25,000.00, plus pre-judgment interest allowed by law from the date of the demand letter, plus all post judgment interest allowed by law.

22.

The Trustee reserves the right to amend this Complaint pursuant to a requested accounting as well as other discovery, should facts be discovered to justify the assertion of additional claims, including without limitation any and all claims arising under Title 11 of the United States Code or applicable state law.

**WHEREFORE,** Plaintiff prays this Honorable Court:

1. Enter an order and judgment declaring the Transfers avoided pursuant to 11 U.S.C. § 547 and preserved for the Estate pursuant to 11 U.S.C. § 551;

2. Enter an order and judgment declaring the Transfers, to the extent that they were made after the Petition Date, avoided pursuant to 11 U.S.C. § 549 and preserved for the Estate pursuant to 11 U.S.C. § 551;

3. Pursuant to 11 U.S.C. §§ 547, 549 and 550, enter an Order and Judgment in favor of Plaintiff and against Defendant 1, and/or Defendant 2, and/or Defendant 3 in the sum of $25,000.00, plus pre-judgment interest allowed by law from the date of the demand letter, plus all post judgment interest allowed by law; and

4. Grant Plaintiff such further and additional relief as this Court deems appropriate.

          OGIER, ROTHSCHILD, & ROSENFELD, P.C

          By:  /s/ *Allen Rosenfeld*
               Allen Rosenfeld
               Georgia Bar No. 614451

               Attorneys for the Plaintiff

170 Mitchell Street, S.W.
Atlanta, Georgia 30303
(404) 525-4000
apr@orratl.com

Exhibit "A"

**Hutcheson Medical Center, Inc.**                                **EXHIBIT A**

**Chapter 11 – Case # 14-42863-pwb**

**DOP 11/20/2014**

| Vendor Name | Check No. | Issue Date | Clear Date | Total Check |
|---|---|---|---|---|
| Emcare, Inc. | 4450 | 09/04/14 | 09/15/14 | $25,000.00 |
|  |  |  | **TOTAL** | **$25,000.00** |

Exhibit "B"



**OGIER,
ROTHSCHILD &
ROSENFELD, PC**
ATTORNEYS AT LAW

170 Mitchell Street, SW
Atlanta, GA 30303
404.525.4000 Phone
404.526.8855 Fax
www.orratl.com

October 17, 2016

Emcare, Inc.
7032 Collection Center Drive
Chicago, IL 60693-0070

Re:   In re: Hutcheson Medical Center, Inc., Chapter 11 Case No. 14-42863-pwb,
Northern District of Georgia, Atlanta Division

Dear Sir or Madam,

Hutcheson Medical Center, Inc. filed its voluntary Chapter 11 bankruptcy case on November 20, 2014. An order approving the selection of Ronald L. Glass as the Chapter 11 Trustee was entered on September 21, 2015. This law firm represents the Chapter 11 Trustee as to all matters discussed in this letter.

According to the Bankruptcy Code, the Trustee is authorized to recover, with certain exceptions, certain transfers made by the Debtor within 90 days prior to the filing of the Debtor's bankruptcy. See 11 U.S.C. § 547. A review of the Debtor's financial records indicates that that you received a total of $25,000.00 within 90 days of the filing of the bankruptcy petition. The particular transfers at issue are set forth on the attached Exhibit A. Accordingly, demand is made for turnover of said amount within ten (10) days from the date of this letter. Of course, if you believe that you have any defenses, please provide those within 10 days from the date of this letter. If we do not receive the sum demanded or a satisfactory response, the Trustee may have no choice but to proceed with litigation to recover this amount.

If you would like to discuss this matter further, please contact me at your earliest convenience but, please, not later than ten days from the date of this letter.

Sincerely,

OGIER, ROTHSCHILD & ROSENFELD, P.C.

By:_____
    Allen Rosenfeld

Attachment

Exhibit "B"

# Hutcheson Medical Center, Inc.    EXHIBIT A

## Chapter 11 – Case # 14-42863-pwb

### DOP 11/20/2014

| Vendor Name | Check No. | Issue Date | Clear Date | Total Check |
|---|---|---|---|---|
| Emcare, Inc. | 4450 | 09/04/14 | 09/15/14 | $25,000.00 |
|  |  |  | **TOTAL** | **$25,000.00** |